**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| EDDIE JAMES BURTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Clerk of Court EVONNE MULL, | : | NO. 1:11-CV-179 (WLS) |
| *et al.*, | : | |
| | : | |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **EDDIE JAMES BURTON**, a prisoner at Autry State Prison ("ASP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). After filing the instant Complaint, Plaintiff filed a second lawsuit in this Court, which included some of the allegations contained in the present action. That case, ***Burton v. Hagler***, 1:12-cv-8 (WLS), was accordingly consolidated with this case, and the allegations of that complaint are considered herein. The Court has also considered the allegations contained in Plaintiff's various submissions (Docs. 5-8 & 11).

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Doc. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of ASP.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. PRELIMINARY MOTIONS

Plaintiff has filed a number of preliminary motions:

### A. Motion for Class Certification (Doc. 5)

In this motion, Plaintiff asks that he be allowed to bring this lawsuit on behalf of himself and all Georgia state prisoners. This case is not appropriate for class certification due to Plaintiff's *pro se* status. *See e.g., Wallace v. Smith*, 145 Fed. Appx. 300, 302 (11th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Permission for Plaintiff to bring this action as a class action suit, therefore, is **DENIED**.

### B. Motion for Transportation to Retrieve Evidence Stored at Lee State Prison (Doc. 6)

Plaintiff asks that this Court order his transportation to Lee State Prison to retrieve evidence

stored at such prison.  Said motion is premature and thus **DENIED**.  To the extent evidence at Lee State Prison is relevant to further proceedings in this case, Plaintiff may seek discovery at the appropriate time from the appropriate party.

### C.  Motion for Injunctive Relief (Doc. 7)

In this motion, Plaintiff merely repeats the facts from his complaints and further asks this Court to grant unspecified injunctive relief.  To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest.  *See Citizens for Police Accountability Political Committee v. Browning*, 572 F.3d 1213, 1217 (11th Cir.2009).  Plaintiff has failed to satisfy any of the four prerequisites for granting injunctive relief.

It is therefore hereby **RECOMMENDED** that Plaintiff's motion for injunctive relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### D.  Motion for "Special Prohibition Mandamus" (Doc. 8)

It is also unclear what relief Plaintiff requests under this motion.  In any event, writs of mandamus and prohibition are both extraordinary remedies that should be used only in exceptional circumstances not present here.  *See Kerr v. United States District Court*, 426 U.S. 394, 402 (1976) (mandamus); *In re Wainwright*, 678 F.2d 951, 953 (11th Cir.1982) (prohibition).  Further, mandamus relief is available under 28 U.S.C. § 1361 only to compel "an officer or employee of the

United States or any agency thereof."  Because none of the named Defendants are federal officers or employees, this Court does not have authority to grant whatever mandamus relief Plaintiff may be requesting.

It is therefore hereby **RECOMMENDED** that Plaintiff's motion for "special prohibition mandamus" be **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### III.  BACKGROUND

Plaintiff brings this action against Marion County Sheriff Horace Snider, Albany Police Officer Reginald Brown, Prosecutor April Wynne, Dougherty County Superior Court Judge Willie E. Lockette, Public Defender Sandra Satchell, Lieutenant Dan Hagler of the Dougherty County Jail, and Clerk of the Dougherty County Superior Court Evonne S. Mull.  Plaintiff's complaint is by no means a model of clarity.  In essence, Plaintiff alleges that the various defendants participated in keeping Plaintiff in prison in violation of his speedy trial rights under O.C.G.A. § 17-7-170 and O.C.G.A. § 42-6-3.  As to the latter, Plaintiff claims that he has been unlawfully held without a trial following an illegal detainer being lodged against him in 2010.  Plaintiff claims that in January 2011, he was granted parole with respect to a prior sentence, but that the detainer kept Plaintiff from being released from prison.

As to the acts of the various Defendants, Plaintiff makes the following allegations: (1) Sheriff Snider and Officer Brown gave "perjur[]ed stat[e]ments and testimony agai[n]st Plaintiff"; (2) Prosecutor Wynne improperly issued the detainer and then failed to prosecute Plaintiff on the

underlying charges, thus depriving Plaintiff of "resolution" of the case; (3) Judge Lockette failed to resolve motions filed by Plaintiff, was biased against Plaintiff because Plaintiff filed a grievance against the judge, delayed informing Defendant Satchell of her appointment in April 2011 as Plaintiff's counsel, and refused to dismiss Satchell as Plaintiff's counsel; (4) Satchell had a conflict of interest due Plaintiff filing a grievance against her, allowed Plaintiff's prosecution to be delayed, and participated in his transfer from the Dougherty County Jail to Lee State Prison, which resulted in Plaintiff being denied his HIV medication for two weeks; (5) Lieutenant Hagler conspired with Satchell in the above transfer; and (6) Clerk Mull failed to process motions and other filings made by Plaintiff, including those before counsel was appointed.  Plaintiff additionally alleges that various Defendants participated in multiple conspiracies with respect to the above actions.

Plaintiff seeks monetary damages and injunctive relief.

## IV.  DISCUSSION

### A.  Injunctive Relief

As discussed above, in connection with Plaintiff's motion for injunctive relief, Plaintiff has not established any of the prerequisites for such relief.  Accordingly, the Court will consider Plaintiff's claims for damages against each of the named Defendants.

### B.  Dismissed Defendants

#### 1.  Sheriff Snider and Officer Brown

Law enforcement officials are absolutely immune from civil damage claims for giving perjured testimony in a judicial proceeding.  *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1505-06 (2012) (*citing Briscoe v. LaHue*, 460 U.S. 325, 326 (1983)); *see also Kelly v. Curtis*, 21 F.3d 1544, 1553

(11th Cir. 1994); *Strength v. Hubert*, 854 F.2d 421 (11th Cir. 1988).  Plaintiff gives no context for his allegations against Snider and Brown.   Plaintiff's statement that these Defendants gave perjurious statements and testimony suggests that Plaintiff is complaining about testimony in a judicial proceeding, for which these Defendants would be entitled to absolute immunity.  Plaintiff therefore has not stated a valid claim against Snider and Brown.  Because Plaintiff might be able to allege a valid claim against these Defendants (*i.e.*, that the statements in question occurred outside a judicial proceeding), it is hereby **RECOMMENDED** that Sheriff Snider and Officer Brown be **DISMISSED WITHOUT PREJUDICE**.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 2.  Prosecutor Wynne

Prosecutors are absolutely immune from liability under section 1983 when engaged in initiating a prosecution or presenting the state's case.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  For example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate ... complaints about the prison system, [and] threatening ... further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks and citation omitted).   To the extent Plaintiff is

---

[1]  Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

complaining about Wynne's failure to prosecute him, Wynne's inaction is "intimately associated with the judicial phase of the criminal process." *Van De Kamp v. Goldstein*, 129 S. Ct. 855, 860 (2009).   Accordingly, it is hereby **RECOMMENDED** that Prosecutor Wynne be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 3. Judge Willie Lockette

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996).  This immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356.  In handling Plaintiff's motions and the appointment of his counsel, Judge Lockette was clearly acting within his jurisdiction.  Even if Judge Lockette was biased against Plaintiff, Judge Lockette is entitled to absolute immunity.   Accordingly, it is hereby **RECOMMENDED** that Judge Lockette be **DISMISSED** as a Defendant in this action.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 4. Public Defender Satchell

As Plaintiff's attorney, Satchell did not act under color of state law and is therefore not

subject to suit under section 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)(in representing a criminal defendant, a public defender is not a state actor); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  A private attorney may be sued under section 1983, however, if he conspired with someone who did act under color of state law.  *Wahl*, 773 F.2d at 1173.  Although Plaintiff alleges such a conspiracy in the present case, as discussed below, he has not alleged sufficient facts to support a conspiracy claim.  Accordingly, it is **RECOMMENDED** that Public Defender Satchell be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 5. Lieutenant Hagler

Plaintiff merely alleges that Hagler was involved in Plaintiff's transfer from the Dougherty County Jail to Lee State Prison.  Although Plaintiff claims that he was denied his HIV medication for two weeks as a result of this transfer, the Court finds both that Plaintiff fails to state a claim of constitutional magnitude and that Hagler's actions as alleged by Plaintiff are too attenuated from the injury suffered by Plaintiff.  Based on the foregoing, it is **RECOMMENDED** that Lieutenant Hagler be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### C. Conspiracy

To the extent Plaintiff alleges that he has been a victim of "mob style action," a "good old boy setting," and multiple conspiracies, he fails to state a valid claim.  Vague and general allegations of a state official's participation in a conspiracy are insufficient to support a conspiracy claim or to show a violation of section 1983.  A defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough simply to allege in the complaint that a conspiracy existed. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).  Plaintiff has failed to specify how the various Defendants conspired against him.

### D.  Additional Reasons for Dismissal of the Above Defendants

Plaintiff's speedy trial claims allege violations of state law, specifically O.C.G.A. § 17-7-170 and O.C.G.A. § 42-6-3.  Violations of state law may not constitute a basis for a section 1983 lawsuit. *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("While the violation of state may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983.").

Even if Plaintiff had alleged a federal speedy trial claim, the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37 (1971), mandates that this Court abstain from interfering with Plaintiff's pending state court criminal proceedings.  In *Younger*, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances."  *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982).  The Eleventh

Circuit has held that damage actions such as the case at bar fall within the ambit of the *Younger* doctrine. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985).

Each of the requirements for *Younger* abstention is satisfied in this case. Plaintiff's state criminal proceeding is still pending, involves important state interests, and will afford Plaintiff the opportunity to present his constitutional objections to the alleged illegal detainer and/or violation of his right to a speedy trial. Accordingly, this Court must abstain from interfering in Plaintiff's ongoing criminal prosecution in Georgia.

Finally, to the extent Plaintiff complains about his not being paroled, neither the United States Constitution nor Georgia law creates a liberty interest in release on parole. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979); *Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. Oct. 5, 1994).

### D. Remaining Defendant

Construing Plaintiff's allegations against Clerk of Court Evonne Mull liberally in Plaintiff's favor, the Court concludes that Plaintiff has stated a colorable access to courts claim against Mull. In light of the foregoing, it is hereby **ORDERED** that service be made on Defendant Clerk Evonne Mull and that she file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

<u>**DUTY TO ADVISE OF ADDRESS CHANGE**</u>

During the pendency of this action, all parties shall at all times keep the clerk of this court

and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed

on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's  answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR**

PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>DIRECTIONS TO CUSTODIAN OF PLAINTIFF</u>

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from

plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, this 19th day of April, 2012.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr