# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

**EDDIE JAMES BURTON**,

        Plaintiff,

v.

**Clerk of Court EVONNE MULL**, *et al.*,

        Defendants.

Case No.: **1:11-CV-179 (WLS)**

## ORDER

Before the Court is a Recommendation (Doc. No. 13) from United States Magistrate Judge Thomas Q. Langstaff, filed April 19, 2012. Judge Langstaff has recommended: 1) denial of Plaintiff's separately filed Motions for Injunctive Relief (Doc. 7) and Special Prohibition Mandamus (Doc. 8); 2) dismissal without prejudice of Plaintiff's Complaint (Doc. 1) as against Defendants Sheriff Snider and Officer Brown; 3) and dismissal of Plaintiff's Complaint as against Defendants Assistant District Attorney April Wynne, Judge Willie Lockette, Public Defender Sandra Satchell, and Lieutenant Dan Hagler. (*See generally* Doc. 13). Judge Langstaff has, however, recommended allowing Plaintiff's Complaint to proceed against Clerk of Court Evonne Mull. (*Id.* at 11). Per Judge Langstaff, Plaintiff has stated a colorable access-to-courts claim against Ms. Mull. (*Id.*) For the following reasons, this Court **ACCEPTS** Judge Langstaff's Recommendation.

Plaintiff has filed a written objection to Judge Langstaff's recommendation. (Doc. 15). Therein, Plaintiff reiterated his belief that Judge Lockette's refusal to dismiss

Ms. Satchell, and Ms. Satchell's decision not to withdraw from the representation, violate his constitutional rights. This Court finds that these allegations, even if true, fail to state valid claims against Judge Lockette or Ms. Satchell. It is without question that Plaintiff's allegations are made against Judge Lockette in his "judicial capacity." (Doc. 15). As Judge Langstaff notes, absent a finding that Judge Lockette lacked all "jurisdiction," Judge Lockette is absolutely immune for any actions taken in his judicial capacity. (Doc. 13 at 8). Plaintiff has made no such allegation. Thus, this Court agrees that Judge Lockette should be dismissed as a Defendant.

Plaintiff's re-assertion that Ms. Satchell's refusal to withdraw has deprived him of any constitutional right is similarly unavailing since he has made no argument to negate the conclusion that, as a private attorney, Ms. Satchell is immune from a lawsuit under section 1983. (*See id.* at 9) (citing Polk Co. v. Dodson, 454 U.S. 312, 318-19 (1981) and Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)). Additionally, although Judge Langstaff did note that a private attorney may be sued under section 1983 if s/he conspires with someone who did act under color of state law, (Doc. 13 at 9), to survive a motion to dismiss, a *pro se* plaintiff must allege sufficient "operative facts" to show that a conspiracy existed between the private defendant and the state actor. *See* Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action.") (additional citations omitted). Here, even if Plaintiff's complaint is read as alleging that a conspiracy existed between Judge Lockette and Ms. Satchell, Plaintiff's conclusory (and rambling) conspiracy allegations would still not assist him in escaping dismissal. *See e.g.,* Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may

justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.")  Thus, even after offering Plaintiff's *pro se* Complaint a liberal construction, this Court agrees with Judge Langstaff's finding that Plaintiff has failed to allege any facts supporting a conspiracy claim.  As such, this Court also agrees that Ms. Satchell should therefore be dismissed as a Defendant.

This Court further notes that while it does adopt Judge Langstaff's recommendation regarding Plaintiff's access-to-courts claim against Clerk of the Court Evonne Mull, it does so out of an abundance of caution.  It is this Court's belief that Plaintiff's claim may be subject to dismissal under Younger v. Harris, 401 U.S. 37 (1971).  Plaintiff has alleged that Ms. Mull failed to file his motions to dismiss the detainer and to notify Ms. Satchell that she was Plaintiff's court-appointed attorney in the ongoing state criminal proceedings.  (Doc. 1 at 9).  However, as Judge Langstaff notes, Plaintiff's state criminal proceedings from whence these issues arose are still ongoing.  (Doc. 13 at 10).  Plaintiff has done nothing to rebut the presumption that the state court criminal proceedings are the proper forum to raise this constitutional claim of denial of access to the courts.  *See* 31 Foster Children v. Bush, 329 F.3d 1255, 1279 (11th Cir. 2003) ("A federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987))).  Nevertheless, based on the scantiness of the current record, this Court finds it necessary to reserve ruling on this issue at this stage of the litigation.

This Court has fully reviewed and considered the record.[1] Having found that Plaintiff's objections to the Magistrate's findings with regard to the dismissal of Judge Lockette and Ms. Satchell are meritless, and Petitioner having not objected to the remaining findings in the Magistrate's April 19, 2012 Recommendation (Doc. 13), this Court finds that said Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, to the extent the same is consistent with this Order, for reason of the findings made and conclusions stated therein together with the findings made, reasons stated and conclusions reached herein.  Accordingly, Plaintiff's objection (Doc. 15) is **OVERRULED**; Plaintiff's Motions for Injunctive Relief and Special Prohibition Mandamus (Docs. 7 and 8) are **DENIED**; and Plaintiff's claims against all defendants, save Defendant Clerk of Court Evonne Mull, are hereby **DISMISSED** in accordance with Judge Langstaff's Recommendation (Doc. 13) and this Court's conclusions as stated herein.

**SO ORDERED**, this  10th   day of August, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] A review of Plaintiff's Objection also indicates that Plaintiff may be seeking to request an evidentiary hearing.  (Doc. 15).  However, this Court finds that Plaintiff has failed to adequately demonstrate why an evidentiary hearing would be necessary.  United States v. Verch, 307 Fed. Appx. 327, 330 (11th Cir. Jan. 12, 2009) (per curiam) ("A party must make a showing as to why an evidentiary hearing is necessary.") (citing United States v. Holloway, 778 F.2d 653, 658 (11th Cir. 1985))).  As such, this Court finds no need to conduct an evidentiary hearing, and the same to the extent requested is **DENIED**.