IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EDDIE JAMES BURTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 11-CV-179 (WLS) |
| EVONNE S. MULL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983. (Doc. 1).   Presently pending before this Court is Defendant's Motion to Dismiss, and Plaintiff's Motion for Writ of Mandamus and Motion for Leave to Proceed *in forma pauperis* (IFP). (Docs. 16, 17, 24).

*Motion to Dismiss (Doc. 24)*

Defendant filed this Motion to Dismiss based on Plaintiff's failure to properly serve Defendant in this action.   Plaintiff filed this action on December 19, 2011, alleging that Defendant denied Plaintiff his right to a speedy trial. (Doc. 1).   On April 19, 2012, the Court ordered that service be made on Defendant.   (Doc. 13).   Process Receipt and Return was issued for Defendant, and the U.S. Marshals' office mailed the notice and waiver of service to Defendant.   (Docs. 14, 18).   Defendant did not return a signed waiver of service, and on August 17, 2012, Defendant was personally served. (Doc. 29).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

extend the time for service for an appropriate period."

"When a court grants a litigant leave to proceed IFP, the officers of the court must 'issue and serve all process.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting 28 U.S.C. § 1915(d)). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009).

Herein, Plaintiff was granted IFP status (Doc. 13), and at that time, the Court undertook the responsibility to issue and serve all process in this case. The U.S. Marshals' office mailed a notice and waiver to Defendant, which Defendant did not return. (Doc. 18). After Defendant filed her Motion to Dismiss, a summons was issued and served on Defendant. (Docs. 27-29).

The Court notes that typically costs of service would be assessed against Defendant at this time for her failure to waive service. However, as the Deputy U.S. Marshal's return does not reflect any fees, no such costs will be assessed at this time.

Through no fault of Plaintiff, the U.S. Marshals' office did not perfect service on Defendant until more than 120 days after the filing of the Complaint, and thus, there is 'good cause' for Plaintiff's failure to effect timely service. Therefore, it is the recommendation of the undersigned that Defendant's Motion to Dismiss for failure to timely serve Defendant be **DENIED**, and the time for service be extended until August 17, 2012, the date on which Defendant was served.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Writ of Mandamus (Doc. 16)*

Plaintiff has filed a second "Writ of Mandamus" against now-dismissed defendants Willie Lockette, Sandra Satchell, and M. April Wynne, all State employees.  Federal mandamus is available only to compel an officer or employee of the United States to perform a duty owed to the plaintiff.  *Bailey v. Silberman*, 226 Fed. Appx. 922, 924 (11th Cir. 2007).  "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Bailey*, 226 Fed. Appx. at 924.

Herein, as the dismissed defendants are not officers or employees of the United States, this Court lacks jurisdiction to grant the relief Plaintiff has requested.  Accordingly, the undersigned recommends Plaintiff's Writ of Mandamus be **DISMISSED**.  *See Bailey*, 226 Fed. Appx. at 924.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Proceed IFP (Doc. 17)*

On May 3, 2012, Plaintiff filed a second Motion to Proceed IFP.  Plaintiff was granted IFP status on April 19, 2012.  (Doc. 13).  As Plaintiff has already been granted IFP status, his second Motion to Proceed IFP is hereby **DENIED as moot**.

**SO ORDERED AND RECOMMENDED**, this 14th day of September, 2012.

s/ **THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE

llf