IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EDDIE JAMES BURTON, | : |
| Plaintiff, | : |
| VS. | : |
| | :    1 : 11-CV-179 (WLS) |
| EVONNE S. MULL, | : |
| Defendant. | : |

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on December 19, 2011, alleging Defendant, the Clerk of the Dougherty County Superior Court, blocked Plaintiff's access to the courts by failing to file documents he sent to the Court. (Doc. 1). Presently pending in this action are Plaintiff's Motion to Amend, and Defendant's Motion for Summary Judgment. (Docs. 34, 36).

*Motion to Amend (Doc. 34)*

On September 11, 2012, Plaintiff filed a Motion to Amend, requesting he be allowed to add a conspiracy claim against Defendant and now-dismissed defendants Lockett, Wynn, and Hagler. Plaintiff filed his original Complaint on December 19, 2011, and service documents were mailed on May 4, 2012. (Docs. 1, 18). Defendant filed her first Answer on June 6, 2012, and filed a Motion to Dismiss on August 13, 2012. (Docs. 20, 24). Defendant was personally served on August 17, 2012. (Doc. 29).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

    (1) *Amending as a Matter of Course*
        A party may amend its pleading once as a matter of course within:

>    (A)  21 days after serving it, or
>    (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
>    In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend is untimely under Rule 15(a)(1). The Motion to Amend was filed more than twenty-one (21) days after the Complaint was mailed to Defendant, more than twenty-one (21) days after service of a responsive pleading, the Answer, and more than twenty-one (21) days after the Complaint was personally served on Defendant. Additionally, Defendant has not consented to Plaintiff's proposed amendment. Therefore, the Plaintiff's only remaining means to amend his Complaint is by leave of the Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff is attempting to reassert his claim that Defendant Mull and now-dismissed defendants Lockett, Wynne, and Hagler conspired to deny Plaintiff his speedy trial rights. (Doc.

2

34). In its Initial Review, the Court found that Plaintiff had failed to state a valid claim of conspiracy, and recommended that the conspiracy claim be dismissed. (Doc. 13). The district judge assigned to this case adopted that Recommendation on August 10, 2012. (Doc. 22).

This Court has already found that the proposed claim is futile, and as a result, the claim would invariably be dismissed if Plaintiff were allowed to amend. Furthermore, in his Motion to Amend, Plaintiff's allegations are conclusory regarding each proposed defendant and the additional claim. Therefore, Plaintiff's Motion to Amend is futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). As the Motion is futile, Plaintiff's Motion to Amend is hereby **DENIED.**

*Motion for Summary Judgment (Doc. 36)*

### Background

In his Complaint, Plaintiff alleges that Defendant failed to file motions and other pleadings Plaintiff sent to the court, which violated his right of access to the courts. (Doc. 1). Defendant filed her Motion for Summary Judgment on October 3, 2012. (Doc. 36). On October 5, 2012, the Court notified Plaintiff of the filing of Defendant's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within twenty-one (21) days of the date of the Court's Order. (Doc. 40). Plaintiff filed a response to Defendant's Motion for Summary Judgment on October 11, 2012. (Doc. 42).

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party=s assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials B including the facts considered undisputed B show that the movant is entitled to it". Fed R. Civ. P. 56(e)(3).

## Discussion

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "That access must be 'adequate,

effective, and meaningful.'" *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1271 (11th Cir. 2010) (quoting *Bound*, 430 U.S. at 822). "In order to establish a violation of the right of access to the courts, however, a prisoner must show an actual injury." *Id.* To show an actual injury, the plaintiff must show that "he had a cause of action that he could not vindicate because of the defendants' actions[.]" *Bryant v. Ruvin*, 477 Fed.Appx. 605, 607 (11th Cir. 2012).

In asserting that she is entitled to the entry of summary judgment, Defendant has submitted her own affidavit and copies of several court documents and letters regarding Plaintiff's filings. (Doc. 36). The evidence shows that "any and all documents properly received from Plaintiff Burton [at the Dougherty County Clerk's Office] were filed in the normal course of business." (Doc. 36, Defendant Affidavit, p. 17, ¶ 4). Defendant testified that she "had no incentive to refuse to file any documents filed by Plaintiff, and did not fail to file any such documents properly provided." (*Id.* at ¶ 5). Defendant also provided copies of documents submitted by Plaintiff to the Dougherty County courthouse demanding a speedy trial; the documents are dated from 2010 to 2012. (Doc. 36). All the documents were date-stamped "filed". (*Id.*). In his Response to Defendant's Motion for Summary Judgment, Plaintiff appears to only reiterate the allegations contained in his Complaint, and does not provide any relevant evidence. (Doc. 42).

There is no evidence to support Plaintiff's allegations that Defendant blocked Plaintiff's access to the courts by failing to file documents Plaintiff sent to the court. Rather, the evidence shows that all documents properly received by the clerk's office were filed, and that Defendant did not fail to file any documents that were properly provided to the court. As such, no genuine issue of fact remains regarding Plaintiff's claim of lack of access to the courts. *See Bass v.*

*Singletary*, 143 F.3d 1442, 1444-1446 (11th Cir. 1998) (affirming summary judgment where the plaintiff failed to provide evidence of an actual injury and failed to provide evidence that the defendants' actions frustrated or impeded the plaintiff's access to the courts).

## Conclusion

As Plaintiff has failed to sufficiently rebut Defendant's summary judgment showing, it is the recommendation of the undersigned that Defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Request for Discovery (Doc. 42)*

In his Response to Defendant's Motion for Summary Judgment, Plaintiff also appears to request Defendant provide him with all motions filed in his superior court case.  Initially, the Court notes that in her Reply, Defendant states that she has previously provided Plaintiff with a copy of the filings Plaintiff appears to be requesting.  (Doc. 43, p. 2).  Furthermore, pursuant to this Court's Order dated April 19, 2012, discovery was to commence when an Answer or a dispositive motion was filed and was to be completed within 90 days. (Doc. 13).  An Answer was filed by Defendant on June 6, 2012. (Doc. 20).  Thus, discovery ended on or about September 4, 2012.  Plaintiff has filed this request more than a month after the close of discovery, and after Defendant filed her Motion for Summary Judgment.  Additionally, Plaintiff has not provided any information regarding the relevancy of the requested documents.  Thus, to the extent Plaintiff is requesting discovery, this request is hereby **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 23rd day of May, 2013.

                                            s/ *THOMAS Q. LANGSTAFF*
                                            **UNITED STATES MAGISTRATE JUDGE**

llf